MR. JUSTICE WEBER,
specially concurring:
While I am forced to acknowledge that federal caselaw requires that this case be dismissed from the state district court for jurisdictional reasons, I am not at all comfortable with the result. As Judge McNeil said in his opinion below:
“The inequity of granting Defendant’s Motion to dismiss at this stage of the instant case is obvious. At the time the commercial transaction was entered into, the Plaintiff could not inquire into the tribal member status of the Defendant in order to determine in advance that a State Court forum would be available in the event of a default on the contract. If such an inquiry were made, the Defendant could quite properly claim that her race was a consideration in her, application for credit in the form of the installment sale contract giving rise to a claim of discrimination based on race.
“Likewise, at the commencement of this action neither the Plaintiff nor the Court could properly inquire into the tribal member status of the Defendant because the Montana Constitution provides that courts of justice shall be open to every person and that no person may be discriminated against on account of race.
“This Court is not unaware of the Federal Courts’ rationale that the sovereign nation concept is a ‘political classification’ and not an ‘ethnic classification’ based on race. The Tribal Council of the Confederated Salish and Kootenai Tribes establishes the criteria for enrollment in said Tribe based on a quantum of Indian blood as determined by said Tribal Council. Non-Indians are not eligible for enrollment. The Federal Courts may consider that to be a political classification for jurisdictional purposes, but it surely appears to this State Court to be a distinction based on race.
“The Constitution of Montana provides that no person shall be de *23 nied the equal protection of the laws and that neither the State nor any person shall discriminate against any person in the exercise of his civil or political rights on account of race. Sec. 4, Art. II, Declaration of Rights. In addition, the Constitution of Montana provides that courts of justice shall be open to every person and speedy remedy afforded for every injury. Sec. 16, Art. II, Declaration of Rights. The Montana Constitution further provides that no person shall be deprived of life, liberty or property without due process of law. Sec. 17, Art. II, Declaration of Rights.”
Under the holding of the United States Supreme Court as discussed in Pierre, we are required to deny subject matter jurisdiction, even though that issue was raised by the Indian defendant only after the entry of judgment in the underlying cause. As a result, I concur in the opinion reversing the District Court.
I have a sense of frustration similar to that described by the District Court. It seems basically unfair to allow an Indian person to use the state courts so long as that person decides it is to her benefit, but to deny the non-Indian party an equivalent right of access to the same court in this contract dispute. The plaintiff here has been placed in a “Catch-22” position. Before the execution of the contract, the plaintiff here was constitutionally forbidden from asking the defendant if she was an Indian and if she was a member of the Confederated Salish and Kootenai Tribes. When the action was commenced by the plaintiff, there was no basis for an inquiry by the plaintiff nor the court as to whether the defendant was an Indian person who was a member of the Tribe and who claimed a lack of subject matter jurisdiction. As a result, the Indian person was allowed to proceed through the state court trial process to the point of judgment against her, when she concluded it was no longer advantageous to stay in that court. At that point, she could then raise the subject matter jurisdiction question and negative the judgment against her. As a nation, we may be commended for our attempt to protect the Indian people through our state and federal laws. Certainly there was a long period of time when that protection was denied to the Indian people. However, we can be condemned for our failure to develop a just and workable system for both Indians and non-Indians who deal with the Indian people. Here the plaintiff has been denied justice. In the long run, decisions of this type will insure that the Indian people will be penalized as non-Indians protect *24 themselves from dealings with Indian people. I am not proud of the result of this opinion.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON and GULBRANDSON concur in the foregoing special concurrence.